UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARL W. WOODCOCK, | ) |
| Petitioner, | ) |
| vs. | ) No. 1:17-cv-01266-TWP-DKL |
| SUPERINTENDENT NEW CASTLE CORRECTIONAL FACILITY, | ) |
| Respondent. | ) |

**Entry and Order to Show Cause - Discipline Case**

**I.**

The petitioner's motion for leave to proceed *in forma paueris* [dkt. 2] is **granted.** The assessment of an initial partial filing fee is not feasible at this time.

**II.**

The petitioner's motion for appointment of counsel [dkt. 3] is **denied.** The reasons for the denial of this motion are: 1) the petitioner is literate and seems fully aware of the disciplinary proceedings challenged in this case; 2) although an order to show cause is being issued, the respondent has not yet filed an answer to the petition, meaning that the court and the petitioner do not yet know whether, and to what extent or on what basis, his claims for relief are contested here; and 3) this court's review is narrow, limited to determining whether the procedural requirements of *Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963 (1974), were provided and whether the conduct board's decision was supported by "some evidence." *See Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985). These are not circumstances in which it is in the interest of justice to

appoint counsel for the petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.").

**III.**

The petitioner's motion for discovery has been considered. Rule 6(a) of the *Rules Governing § 2254 Cases*, 28 U.S.C. § 2254, allows habeas corpus petitioners to conduct civil discovery "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *See Bracy v. Bramley,* 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"). In order to be entitled to discovery, a petitioner must make specific factual allegations that demonstrate that there is good reason to believe that the petitioner may, through discovery, be able to garner sufficient evidence to entitle him to relief. *See id.* at 908-09.

Discovery will not be authorized at this time. The information sought through discovery (i.e., his criminal and juvenile records, list of all disciplinary records he has been convicted of since 2003, record of disciplinary infractions committed in each medium and maximum security facility in Indiana since 2006, four Department of Correction Policies, New Castle Correctional Facility policies and procedures related to the use of the "Nark" test) is well outside the scope of what can be reviewed in this action. The materials just referenced (and those listed in the motion) are calculated to approximate witness-like confrontation and cross-examination of the prison worker who authored the conduct report and of the results of the chemical test which were relied on in evaluating the evidence. The petitioner has no right to cross-examine witnesses in this context, *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992) (citing *Baxter v. Palmigiano,* 425 U.S. 308, 322-23 (1976)); *see also Brown-Bey v. United States,* 720 F.2d 467,

469 (7th Cir. 1983) ("Confrontation and cross-examination of witnesses in the context of a prison disciplinary proceeding are matters left to the sound discretion of prison officials."), and he may not accomplish indirectly what he cannot accomplish directly. The motion for production of documents [dkt. 4] is **denied.**

**IV.**

The petitioner's custodian is directed to answer the allegations of the petitioner's petition for a writ of habeas corpus, and in doing so shall **show cause** why the relief sought by the petitioner should not be granted insofar as the petitioner challenges the deprivation of a recognized liberty interest affecting the fact or the duration of his confinement. This shall be done within **forty-five (45) days** after the date this Entry is signed. The petitioner shall have twenty (20) days after service of such answer or return to order to show cause on him in which to reply.

A copy of this Entry and Order to Show Cause shall be sent to the Indiana Attorney General through a Notice of Electronic Filing ("NEF") generated by the court's CM/ECF case management system. The Indiana Attorney General has previously been provided with a copy of the habeas petition itself.

The court notes that the fact that the petitioner's habeas petition was dismissed for lack of jurisdiction by the state court has no impact on this litigation.

**IT IS SO ORDERED.**

Date: 5/1/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CARL W. WOODCOCK
135027
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362 Pendleton, IN 46064