**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CARL W. WOODCOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-01266-TWP-DML |
| | ) | |
| SUPERINTENDENT NEW CASTLE | ) | |
| CORRECTIONAL FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Carl W. Woodcock for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 16-06-0045. For the reasons explained in this Entry, Mr. Woodcock's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On June 6, 2016, Correctional Officer Cutshall wrote a Report of Conduct that charged Mr. Woodcock with Class B offense 202, Possession of Controlled Substance. The Conduct Report stated:

> On the date and approximate time I officer Cutshall was performing a shakedown of offender Carl Woodcock (#135027) property when I found a peper [sic] shaker with what looked like salt and large crystal like substance in it. This was inside the offender's property box. I took the substance up to the Duty Office to have it tested. I was informed later by the Lt. on duty that the substance tested positive for methamphetamine. The offender was advised of the conduct report

Photographs of the pepper shaker and substances found in it were taken. Also photographed were the testing materials and scales. The drug test showed that the tested substance found in the pepper shaker weighed five grams and was positive for methamphetamine. In particular, one photo shows the substance actually tested, placed on a paper towel on a scale, which does not look like salt but more like crystals.

On June 7, 2016, Mr. Woodcock was notified of the charge of Class B offense 202, Possession of Controlled Substance, when he was served with the Conduct Report and the Notice of Disciplinary Hearing (Screening Report). Mr. Woodcock was notified of his rights and pleaded not guilty. He requested and was provided the assistance of a lay advocate. Mr. Woodcock did not request any witnesses. As physical evidence he requested "outside lab tests it is not meth," and the hearing officer denied the request as unreasonable

The hearing officer conducted a disciplinary hearing in NCF-16-06- 0045 on June 8, 2016. At the hearing Mr. Woodcock stated that "it was my rice and salt, I don't know why it would test positive. I was using it to put salt in from packets" The hearing officer found Mr. Woodcock guilty of Class B offense 202, Possession of Controlled Substance. The hearing officer considered staff

reports, Mr. Woodcock's statement, pictures, and the test report. The sanctions were less than 15 days disciplinary segregation (time served), loss of commissary and telephone privileges, an earned credit time deprivation of 90 days, and a demotion from Credit Class 1 to Credit Class 2 (suspended).

Mr. Woodcock appealed to Facility Head and the Indiana Department of Correction ("DOC") Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.    Analysis**

Mr. Woodcock brings his petition for habeas relief raising multiple grounds for relief. The respondent responded and no reply was filed by Mr. Woodcock. Each challenge to the disciplinary conviction is discussed below.

1.    *Chain of Evidence Broken*

Mr. Woodcock argues that the DOC failed to follow a chain of custody policy and otherwise failed to properly protect the pepper shaker from contamination. This argument does not entitle Mr. Woodcock to any relief because, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. In prison disciplinary cases, due process does not require a complete chain of custody. Instead, "[a]bsent some affirmative indication that a mistake may have been made, [the] hypothetical possibility of tampering does not render evidence inadmissible, but goes instead to the weight of the evidence." *Webb v. Anderson*, 224 F.3d 649, 653 (7th Cir. 2000).

In addition, the DOC's failure to follow its own policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide

no basis for federal habeas relief"); *Keller v. Donahue*, 271 Fed.Appx. 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process").

2.      *Amount of Evidence Confiscated and Tested*

Mr. Woodcock next argues that both salt and a large crystal like substance were confiscated and that the test results do not properly identify which substance was tested or how much of each substance was tested. This claim does not entitle Mr. Woodcock to any relief because the disciplinary record reflects that the substance tested weighed five grams and the photograph shows the small amount actually tested. Dkt. 17-1. Mr. Woodcock's due process rights are not implicated by these circumstances.

3.      *Screening Error, Denial of 24-Hour Advance Notice, and Denial of Request for Postponement*
.
Mr. Woodcock claims he was screened early in the afternoon, but that the screening report says screening occurred at 9:30 a.m. The hearing took place the next day at 11:10 a.m., even after Mr. Woodcock sought and was denied a postponement. If Mr. Woodcock is correct, then he did not receive the required 24-hour notice of his hearing. Regardless, no relief is warranted on this basis because Mr. Woodcock has not shown any harm from not receiving 24-hour notice of his hearing. *Brennan v. United States*, 137 S. Ct. 1453 (2017) ("we conclude *Wolff's* 24–hour notice requirement for the advance written notice is subject to harmless error review").

Mr. Woodcock has not articulated any cognizable harm—such as an inability to call witnesses or otherwise mount an effective defense—resulting from his abbreviated time to prepare. *See Evans v. McBride*, 94 F.3d 1062, 1065 (7th Cir.1996) ("Unless an error had a substantial and injurious influence on the proceedings, a request for collateral relief should be rejected."). Mr.

Woodcock complains in Ground 9 that he was not given enough time to provide proper evidence, but the evidence he wanted was additional lab testing. As discussed below, due process did not require retesting. Therefore, any failure to provide Mr. Woodcock with 24 hours' advance notice before his hearing was harmless error that cannot support collateral relief.

4. *Custody Staff Denied the Right to Physical Evidence Including Outside Laboratory Testing to Challenge Field Test*

Mr. Woodcock states that he was denied physical evidence. He insists that the NARK II test is scientifically unreliable because the advertisement for the distributor of the test states that "a forensic laboratory is required to qualitatively and quantitatively identify an unknown substance." Dkt. 1 at p. 6 Ground 7(b). The screening report shows that Mr. Woodcock requested outside lab tests to show the substance was not meth. Also on the screening report is the hearing officer's denial of the request as unreasonable. This shows that Mr. Woodcock did receive a written explanation for the denial of his request for physical evidence.

The denial of additional testing was appropriate. Petitioners have no right to laboratory testing (although, of course, the evidence must otherwise still be sufficient). *See Manley v. Butts*, --- Fed. Appx. ----, 2017 WL 5054245, *2 (7th Cir. 2017) ("Manley was not entitled to demand laboratory testing and publications about the reliability of the particular field test, just as the hearing officer implied by calling those demands unreasonable. Prison administrators are not obligated to create favorable evidence or produce evidence they do not have. Without a specific reason to doubt the field test—and no reason was suggested by Manley—the hearing officer could rely on the results of the field test."). Due process does not require outside testing. As discussed above, a disciplinary proceeding is not a criminal proceeding nor is a prison inmate facing internal disciplinary charges entitled to "the full panoply of rights due a defendant" in a criminal

proceeding. *Wolff*, 418 U.S. at 563. *See United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir. 2004) (even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient). Given the "some evidence" standard for prison disciplinary cases, the positive result provided by the field test used in this case did not deny Mr. Woodcock due process.

5.    *No Lay Advocate Available During Screening*

Mr. Woodcock complains that he was not afforded a lay advocate in the screening process. But due process does not require the appointment of a lay advocate unless an "'illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570). Neither factor is present in this case. Accordingly, no relief is warranted on this basis.

6.    *Failure to Transfer Jurisdiction to Local and/or State Police and Prosecutor*

Mr. Woodcock argues that Possession of Methamphetamine is a felony under Indiana Code § 35-48-4-6.1 and, therefore, the matter should have been referred to the police or a prosecutor. This argument fails because it is undisputed that prison officials may take away earned credit time when an offender violates prison rules. The issue is not one of jurisdiction, the only concern being whether the offender is afforded due process as required by *Hill* and *Wolff*.

7.    *Sanctions*

Mr. Woodcock argues that the sanctions were excessive. This ground for relief is rejected because the sanctions imposed were within the guidelines set by DOC policy. "[A] federal court will not normally review a state sentencing determination which, as here, falls within the statutory

limit," unless the sentence violates the Eighth Amendment by being an "extreme" punishment that is "grossly disproportionate" to the crime. *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997). Mr. Woodcock was found guilty of Class B offense 202, Possession of a Controlled Substance. The sanctions were less than 15 days in segregation (time served), 30 days loss of commissary and telephone privileges, 90 days loss of credit time, and demotion from credit class 1 to credit class 2. Under DOC policy, the maximum allowable sanctions for a Class B offense are three months in disciplinary segregation, 30 days of restricted privileges, 90 days of lost earned credit time, and a one-grade reduction in credit class. In denying Mr. Woodcock's second administrative appeal the Final Review Authority noted that the sanctions are within the guidelines of the Disciplinary Code for Adult Offenders.

### D.    Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Woodcock to the relief he seeks. Accordingly, Mr. Woodcock's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  11/30/2017

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

CARL W. WOODCOCK
14809 Madden Rd.
Churubusco, IN 46723

All Electronically Registered Counsel